Daniel T. Schmaeling, Esq.
State Bar # 143691
**LAW OFFICES OF
YEMPUKU, WETTERS & MCNAMARA**
2180 Harvard Street, Suite 375
Sacramento, CA 95815
Telephone: 916-649-8333
Facsimile: 603-334-7903

Attorneys for Plaintiff, GENERAL
INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1 through 25, inclusive,<br><br>   Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, GENERAL INSURANCE COMPANY OF AMERICA complains of AMAZON.COM SERVICES, INC..; SAMSUNG ELECTRONICS AMERICA, INC.: and DOES 1 through 25, inclusive, Defendants herein, and in support would show as follows:

**I. PARTIES**

1. Plaintiff, GENERAL INSURANCE COMPANY OF AMERICA ("GENERAL INSURANCE") was, and now is a corporation duly organized and existing under the laws of the State of California, authorized to do, and is doing, business as a multiple line insurance business in the State of California. At all times herein mentioned, Daisy Vanesa Garcia ("INSURED") was the insured of Plaintiff under a policy of insurance issued to her by Plaintiff.

1

COMPLAINT FOR DAMAGES

2. At all times herein mentioned, Defendant, AMAZON.COM SERVICES, INC. ("AMAZON") was, and now is a corporation duly organized and existing under the laws of the State of California, authorized to do and is doing business in the State of California and may be served with the Summons and Complaint via their Agent for Service of Process: Corporation Service Company, 410 Terry Ave North, Seattle, WA 98109.

3. At all times herein mentioned, Defendant, SAMSUNG ELECTRONICS AMERICA, INC.; ("SAMSUNG") was, and now is a corporation duly organized and existing under the laws of the State of California, authorized to do and is doing business in the State of California and may be served with the Summons and Complaint via their Agent for Service of Process: C T Corporation System, 85 Challenger Road, Ridgefield Park, NJ 07660.

4. The true names and capacities, and/or legal responsibility for the damages herein alleged whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 25, inclusive, and each of them, are unknown to Plaintiff who therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names, capacities and liabilities of DOES 1 through 25 when ascertained.

5. Plaintiff is informed and believes and thereon allege that each of the named Defendants, and DOES 1 through 25, are legally responsible in some manner for the damages sustained by plaintiffs.

6. At all times herein mentioned, Daisy Vanesa Garcia ("INSURED") whose property is located at 901 Robert Dr., Hollister, CA 95023-2411, was the insured of GENERAL INSURANCE COMPANY OF AMERICA under a policy of insurance, which covered, among other things, the subject property, under the terms of which Plaintiff insured against, among other risks, certain loss or damage by reason of negligence to said property.

7. At some time prior to July 9, 2016, Defendants, AMAZON.COM SERVICES, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1 through 25, inclusive, inclusive, installed, repaired, maintained, designed, manufactured, supplied, retailed, assembled and/or modified the Hoverboard ("PRODUCT").

///

8. On or about July 9, 2016, said PRODUCT failed and, as a direct and proximate result of said failure, INSURED's property sustained serious fire damage.

## FIRST CAUSE OF ACTION

## AGAINST ALL DEFENDANTS

[*Negligence*]

9. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 8 inclusive, and incorporates the same herein by reference as though fully set forth.

10. Each and all of the Defendants had a duty to exercise due care in regard to their activities.

11. Defendants, AMAZON.COM SERVICES, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1 through 25, inclusive, by their conduct relating to the subject PRODUCT, breached their respective duties. This breach of duty included, but is not limited to, negligent and careless installation, repair, maintenance, design, manufacture, supply, assembly and/or modification of the PRODUCT and its component parts.

12. Defendants including Defendants, AMAZON.COM SERVICES, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1 through 25, inclusive by their conduct relating to the subject PRODUCT, breached their respective duties. This breach of duty included, but is not limited to, negligent and careless installation, repair, maintenance, design, manufacture, supply, assembly and/or modification of the subject PRODUCT and its component parts.

13. Plaintiff is informed and believes and thereon alleges, that the failure of the defendants and each of them to properly inspect, maintain and warn potential users or consumers so as to rid it of any dangerous condition, was an additional breach of duty owed to the plaintiff amounting to negligence.

14. Plaintiff is informed and believes and thereon alleges, the defendants and each of them further breached their respective duties by negligently and carelessly misrepresenting known deficiencies with the subject PRODUCT including, but not limited to, its assembly.

15. Plaintiff is informed and believes and thereon alleges, that defendants knew or should have known of the dangerous conditions that surrounded and existed with the subject PRODUCT and its component parts, and their use, and failed to appropriately take steps to rectify the problem or warn INSURED and/or Plaintiff.

16. The negligence of defendants and each of them, was the actual, legal, and proximate cause of injuries sustained by the Plaintiff.

## SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
*[Strict Product Liability]*

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 inclusive, and incorporates the same herein by reference as though fully set forth.

18. Defendants, AMAZON.COM SERVICES, INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and DOES 1 through 25, inclusive, were at all times herein mentioned engaged in some aspect in the business of selling, marketing, repairing, assembling, customizing, installing, or providing to members of the general public, the product or its component parts herein described as a PRODUCT. The subject PRODUCT was manufactured, designed, assembled, repaired, retrofitted, marketed, and sold by the Defendants and each of them, to be used in the manner herein described.

19. The PRODUCT sold by the Defendants and each of them, reached the foreseeable user and/or consumer without substantial change in the condition in which it was at the time it was sold.

20. The subject PRODUCT sold by the Defendants and each of them, was in a defective condition, and unreasonably dangerous when it left the hands of each of these defendants and did not meet the reasonable expectations of the ordinary consumer and user. Said defective condition included, but is not limited to design and manufacturing defects in said product which caused substantial property damage to the INSURED's property.

///

21. The subject PRODUCT was defectively designed, assembled, manufactured, tested and certified. Defendants, and each of them, were aware of, or should have been aware of, the defects and/or deficiencies including, but not limited to, the defects and/or deficiencies. Plaintiff is informed and believes and thereon alleges, that the Defendants and each of them, failed to adequately warn owners and users of the defects in a timely and reasonable manner.

22. Defendants and each of them, placed the PRODUCT into the channels or streams of commerce in a defective condition and the Defendants and each of them, are strictly liable to plaintiff under Section 402 of the Restatement (*Second*) of Torts and applicable statutes and case law for the damages set forth herein.

23. On or about July 9, 2016, as a direct and proximate result of the aforementioned design and manufacturing defects in said product and its component parts, the PRODUCT failed and caused fire damage to the INSURED's property.

24. The aforementioned conduct of the defendants and each of them directly and proximately caused the resulting injuries and damages sustained by Plaintiff.

25. As a further direct and proximate result of the aforementioned, but not limited to, defects in the subject PRODUCT, design and manufacturing defects in said PRODUCT which caused property damage to the property of the INSURED, for which Plaintiff paid INSURED for the damage to her property. Plaintiff, under the terms of its policy, thereby became subrogated to all of the rights of INSURED in the sum paid and Plaintiff thereby became entitled to enforce all of the remedies of INSURED against Defendants with respect to same sum.

**THIRD CAUSE OF ACTION**

**AGAINST ALL DEFENDANTS**

[*Breach of Implied and Express Warranties*]

26. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 25 inclusive, and incorporates the same herein by reference as though fully set forth.

///

///

27. Prior to July 9, 2016, and prior to Bthe time the PRODUCT was being used by INSURED in the subject incident, Defendants, and each of them, impliedly warranted to members of the general public, including INSURED, that the PRODUCT was of merchantable quality and safe for use for which it was intended by Defendants.

28. INSURED reasonably relied on the skill and judgment of Defendants, and each of them, in the selection, purchase and the use of the PRODUCT.

29. The PRODUCT was not safe for its intended use nor was it of merchantable quality as impliedly warranted by Defendants, and each of them, in that it was defectively designed, manufactured and marketed thereby dangerously exposing the user of said PRODUCT and those around said user to serious injury.

30. After INSURED suffered the damages complained of herein as a result of said defective condition of the PRODUCT, Plaintiff is informed, believes and thereon alleges that notice was duly given by Plaintiff and other interested parties, presently unknown, to Defendants, in the time, manner and form prescribed by law, of the aforesaid breach of said implied warranty.

31. As a proximate result of the breach of said implied warranty INSURED sustained the damages described herein above.

32. INSURED was a foreseeable user of the said PRODUCT and suffered serious damages while using said PRODUCT in the manner in which operators customarily and ordinarily used the PRODUCT and in the manner in which the PRODUCT was advertised, promoted, designed, manufactured, warranted and intended to be used by Defendants, and each of them.

33. Such retail sale for use by the public was accompanied separately, individually and respectively by the Defendants, express and implied warranties that the PRODUCT was designed for the uses to which INSURED used the PRODUCT, that the PRODUCT was merchantable, that the PRODUCT was free from defect in its design and manufacture, and that the PRODUCT would not harm the INSURED, its operator, if used as intended and expected by Defendants.

COMPLAINT FOR DAMAGES

34.     However, Defendants, and each of them, breached their respective warranties implied and expressed in the design, manufacture, distribution and sale of the aforementioned PRODUCT in that the PRODUCT was not fit for the specific or ordinary purposes for which said PRODUCT was designed and manufactured to be used. The manner in which the PRODUCT was designed, manufactured, distributed and sold was insufficient to withstand the normal and specified use for which it was intended to be used by INSURED. A material component of said breaches occurred when Defendants, and each of them, willfully failed in the design, manufacture, distribution and sale of said PRODUCT to affix proper safety devices that if correctly designed, manufactured and installed would have prevented the damages to the INSURED and/or Plaintiff.

35.     INSURED discovered such breach of express and implied warranties on or about July 9, 2016 when the aforementioned PRODUCT caused damages to the INSURED as described herein.

36.     The aforementioned conduct of the Defendants and each of them directly and proximately caused the resulting injuries and damages sustained by Plaintiff.

37.     As a further direct and proximate result of the aforementioned design and manufacturing defects in said PRODUCT, INSURED sustained fire damage to their property for which Plaintiff paid INSURED certain insurance benefits. Plaintiff, under the terms of its policy, thereby became subrogated to all of the rights of INSURED in the sum paid and Plaintiff thereby became entitled to enforce all of the remedies of INSURED against Defendants with respect to same sum.

WHEREFORE, Plaintiff, GENERAL INSURANCE COMPANY OF AMERICA, demands a trial by jury and prays for judgment against Defendants, and each of them as follows:

ON THE FIRST CAUSE OF ACTION:

1.     For damages in an amount of $253,080.40 and/or according to proof;

2.     For prejudgment interest;

3.     For costs of suit incurred herein;

        4.      For reasonable attorney's fees;

        5.      For such other and further relief as the Court may deed just and proper.

ON THE SECOND CAUSE OF ACTION:

        1.      For damages in an amount of at least $253,080.40 and according to proof;

        2.      For prejudgment interest;

        3.      For costs of suit incurred herein;

        4.      For such other and further relief as the Court may deed just and proper.

ON THE THIRD CAUSE OF ACTION:

        1.      For damages in an amount of at least $253,080.40 and according to proof;

        2.      For prejudgment interest;

        3.      For costs of suit incurred herein;

        4.      For such other and further relief as the Court may deed just and proper.

Dated: July 17, 2019                                  **YEMPUKU, WETTERS & MCNAMARA**

                                              By /s/ Daniel T. Schmaeling
                                                 Daniel T. Schmaeling, Esq.
                                                 Attorneys for Plaintiff, GENERAL INSURANCE COMPANY OF AMERICA